FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

2023 OCT 18  PM 3: 47

MARGARET [ ] HAINS, CLERK
CASPER

# UNITED STATES DISTRICT COURT
## DISTRICT OF WYOMING

UNITED STATES OF AMERICA,

      Plaintiff,

      v.

TRAQUEVIS DEWAYNE HARDY,

      Defendant.

Case No. 23-CR-0053-SWS

## ORDER ON GOVERNMENT'S NOTICES OF POTENTIAL F.R.E. 404(b) EVIDENCE

Defendant Traquevis Hardy was indicted by a grand jury on one count of conspiracy to distribute fentanyl. (ECF 1.) The charged conspiracy allegedly existed for the last half of 2022. (*Id.*) The Government has submitted a Notice of Intent to Offer Rule 404(b) Evidence (ECF 47) and a Notice of Intention to Offer Inextricably Intertwined Evidence (ECF 62). Mr. Hardy has not submitted a response to either notice and his time for doing so has expired. (*See* ECF 16 pp. 7-8.)

### STANDARD FOR DETERMINING ADMISSIBILITY OF 404(b) EVIDENCE

Federal Rule of Evidence 404(b) generally precludes "[e]vidence of a crime, wrong or other act" proffered in an attempt "to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). However, such evidence of other acts "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). To be admissible under Rule 404(b), evidence of other crimes, wrongs, or acts must satisfy a four-step test:

> (1) the evidence must be offered for a proper purpose; (2) the evidence must be relevant; (3) the trial court must make a Rule 403 determination of whether the

probative value of the similar acts is substantially outweighed by its potential for unfair prejudice; and (4) pursuant to Fed. R. Evid. 105, the trial court shall, upon request, instruct the jury that evidence of similar acts is to be considered only for the proper purpose for which it was admitted.

*United States v. Davis*, 636 F.3d 1281, 1297 (10th Cir. 2011) (quoting *United States v. Zamora*, 222 F.3d 756, 762 (10th Cir. 2000)).  "[T]he government must precisely articulate the purpose of the proffered [404(b)] evidence." *United States v. Kearn*, 863 F.3d 1299, 1309 (10th Cir. 2017). "Evidence admitted under Rule 404(b) may relate to conduct occurring either *before or after* the charged offense." *Davis*, 636 F.3d at 1298 (emphasis in original).

## <u>DISCUSSION</u>

The Government alleges Mr. Hardy distributed thousands of fentanyl pills in numerous deliveries involving multiple individuals in the Cheyenne, Wyoming area.  (ECF 47 p. 2.)  The Government has provided notice of several pieces of 404(b) evidence or potential 404(b) evidence.

**1.    <u>Possession of 9 Fentanyl Pills at Time of Arrest (ECF 47)</u>**

The Government seeks to admit evidence that Mr. Hardy was in possession of nine fentanyl pills at the time of his arrest on a state-court warrant in April 2023.  (ECF 47 pp. 1, 5.)  At that time, he was the passenger in a vehicle that was contacted by law enforcement.  (*Id.* p. 5.)  He was indicted by a grand jury shortly thereafter, which commenced this federal case.  (ECF 1.)

> [Mr. Hardy] was removed from the passenger seat and five suspected fentanyl pills were found where [Mr. Hardy's] left leg had been resting on the seat.  Another suspected fentanyl pill was located on the floorboard by [Mr. Hardy's] right foot and three fentanyl pills were located between [Mr. Hardy's] seat and the center console of the vehicle.

(*Id.*)

The Government proffers this evidence "to establish plan, motive, intent, knowledge, or absence of mistake."  (*Id.* p. 11.)  The Court finds this evidence is offered for the proper purposes of showing Mr. Hardy's plan, motive, intent, knowledge, or absence of mistake because those

purposes are expressly allowed under Rule 404(b).  *United States v. Mares*, 441 F.3d 1152, 1156

(10th Cir. 2006) ("Evidence is admitted for a proper purpose if allowed for one or more of the

enumerated purposes in Rule 404(b).").

As for the second 404(b) step, the Court finds the proffered evidence is relevant to help

establish Mr. Hardy's plan, motive, intent, or knowledge.  The Tenth Circuit has said "that prior

narcotics involvement is relevant when that conduct is close in time, highly probative, and similar

to the activity with which the defendant is charged." *United States v. Becker*, 230 F.3d 1224, 1232

(10th Cir. 2000) (quoting *United States v. Wilson*, 107 F.3d 774, 785 (10th Cir. 1997)).  Here,

evidence that Mr. Hardy possessed several fentanyl pills at the time of his arrest is relevant because

it is close in time to the alleged conspiracy, makes it more probable that he conspired to deliver

other fentanyl pills during the conspiracy, and is sufficiently similar to the charge of conspiracy to

distribute fentanyl.  *See United States v. Conway*, 73 F.3d 975, 981 (10th Cir. 1995) ("The Tenth

Circuit has long recognized the relevance of previous wrongs and crimes in the context of narcotics

violations.") (quotation omitted).  At this time, however, the Court cannot find this evidence is

relevant to any absence of mistake because Mr. Hardy has not presented any claim of mistake.

Depending upon the evidence presented at trial, though, this evidence may become relevant to a

claim or defense of mistake.

The probative value of this proffered evidence is not substantially outweighed by a danger

of unfair prejudice or misleading the jury.  There is little risk of the jury wrongly convicting Mr.

Hardy of fentanyl conspiracy as punishment for the uncharged crime of fentanyl possession; the

possession is far less culpable conduct than conspiring to deliver significant quantities of the drug.

The Court finds this evidence creates little risk of provoking an emotional response from the jury

or adversely affecting the jury's attitude toward Mr. Hardy wholly apart from its judgment of guilt

or innocence. *See United States v. Rodriguez*, 192 F.3d 946, 951 (10th Cir. 1999) ("Evidence is unfairly prejudicial if it makes a conviction more likely because it provokes an emotional response in the jury or otherwise tends to affect adversely the jury's attitude toward the defendant wholly apart from its judgment as to his guilt or innocence of the crime charged."); *see also United States v. Tan*, 254 F.3d 1204, 1211 (10th Cir. 2001) ("Unfair prejudice in the Rule 403 context 'means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one.'") (quoting Fed. R. Evid. 403 advisory committee's note). Evidence of Mr. Hardy's subsequent fentanyl possession is highly probative of his earlier plan, motive, intent, or knowledge to conspire to distribute fentanyl, and it is not precluded under the Rule 403 balancing test. *See United States v. Reynoso*, 398 F. Supp. 3d 1115, 1124 (D.N.M. 2019), *aff'd*, 861 F. App'x 204 (10th Cir. 2021) ("As such, the admissibility of subsequent drug-related acts that are highly probative of identity, knowledge, and intent to distribute are not outweighed by any potential prejudice their admission may cause.").

Evidence of Mr. Hardy's fentanyl possession at the time of his arrest in April 2023 is properly admissible under Rule 404(b) to show plan, motive, intent, and/or knowledge (and potentially absence of mistake if such becomes relevant at trial). Upon the Defense's request, an appropriate limiting instruction will be provided to the jury directing it to consider this evidence only for the proper purposes for which it is offered.

## 2. 2018 Controlled Substances Violations (ECF 47)

In May 2018, Mr. Hardy was arrested in Laramie County, Wyoming, and charged with conspiring to deliver methamphetamine, delivery of methamphetamine, possessing methamphetamine with intent to deliver, and possession of methamphetamine. (ECF 47 pp. 6-8; ECF 47-1.) He later pled guilty to delivery of methamphetamine, a felony, and the remaining

charges were dismissed pursuant to plea agreement.  (ECF 47-2.)  And in December 2018, he was arrested in Larimer County, Colorado, and charged with possession of methamphetamine and possession of drug paraphernalia.  (ECF 47 pp. 8-9; ECF 47-3.)  He later pled guilty to possession of methamphetamine and the paraphernalia charge was dismissed by the prosecutor.  (ECF 47-3.)  The Government "may offer evidence and testimony regarding the Defendant's prior convictions for felony controlled substance violations out of Laramie County, Wyoming, and Larimer County, Colorado in 2018.  This evidence may include evidence from the investigation, surveillance, arrest, searches and any statements related to the Defendant's arrest for these two controlled substance convictions."  (ECF 47 pp. 1-2.)

The Government proffers this evidence "to establish plan, motive, intent, knowledge, or absence of mistake."  (*Id.* p. 11.)  The Court finds this evidence is offered for the proper purposes of showing Mr. Hardy's plan, motive, intent, knowledge, or absence of mistake because those purposes are expressly allowed under Rule 404(b).  *United States v. Mares*, 441 F.3d 1152, 1156 (10th Cir. 2006) ("Evidence is admitted for a proper purpose if allowed for one or more of the enumerated purposes in Rule 404(b).").

Mr. Hardy's prior drug crimes are relevant.  As already noted, "prior narcotics involvement is relevant when that conduct is close in time, highly probative, and similar to the activity with which the defendant is charged."  *Becker*, 230 F.3d at 1232 (quotation omitted).  The conduct associated with these prior convictions occurred approximately four years before the alleged conspiracy in this case.  This temporal difference is not excessive, particularly when considering the similarity of conduct.  For all three arrests, Mr. Hardy was in a vehicle (or had just exited the vehicle in sight of law enforcement) and drugs were found in the vehicle.  (ECF 47 pp. 5, 7, 9.)  And in the Laramie County case, he pled guilty to delivering controlled substances, much like the

objective of the alleged conspiracy in this case. *See United States v. Brooks*, 736 F.3d 921, 940 (10th Cir. 2013) (noting that "it does not matter that the prior conviction was for drug distribution and not conspiracy" under the relevance determination). While the controlled substance involved in the prior convictions (methamphetamine) is different than that alleged in this conspiracy (fentanyl), and "the illicit substance involved in the prior acts is of some relevance," *Becker*, 230 F.3d at 1232, the Court determines the otherwise high probative value of these prior convictions is not muted by the different drugs involved. The facts surrounding Mr. Hardy's prior drug offenses are sufficiently similar to those proffered in this case to conclude they are relevant to the instant charge. Specifically, this evidence is relevant to help establish Mr. Hardy's plan, motive, intent, or knowledge. Again, though, the Court cannot say at this time that Mr. Hardy's prior offenses are relevant to any absence of mistake because Mr. Hardy has not presented any claim of mistake.

The "exclusion of evidence under Rule 403 ... is an extraordinary remedy and should be used sparingly." *Tan*, 254 F.3d at 1211. The high probative value carried by Mr. Hardy's 2018 methamphetamine crimes is not substantially outweighed by the potential for unfair prejudice. "Unfair prejudice in the Rule 403 context 'means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one.'" *United States v. Rodella*, 804 F.3d 1317, 1334 (10th Cir. 2015) (quoting *Tan*, 254 F.3d at 1211). This evidence does not carry an undue tendency to provoke an emotional response in the jury or encourage the jury to convict on the presumption that Mr. Hardy simply acted in conformity with a criminal propensity. *See Reynoso*, 398 F. Supp. 3d at 1124 (other drug-related acts that are probative of knowledge and intent to distribute "are not outweighed by any potential prejudice their admission may cause"). Moreover, that Mr. Hardy was already convicted and punished for this past misconduct reduces

any risk that the jury in this case would seek to convict him solely as punishment for past misdeeds.

Evidence of Mr. Hardy's two prior felony convictions for delivery and possession of methamphetamine in 2018 is properly admissible under Rule 404(b) to show plan, motive, intent, and/or knowledge (and potentially absence of mistake if such becomes relevant at trial).  Upon the Defense's request, an appropriate limiting instruction will be provided to the jury directing it to consider this evidence only for the proper purposes for which it is offered.

**3.      Distribution of Other Controlled Substances During Conspiracy (ECF 62)**

Finally, in its Notice of Intention to Offer Inextricably Intertwined Evidence, the Government seeks to offer evidence that Mr. Hardy also distributed other controlled substances, primarily methamphetamine, during the existence of the fentanyl conspiracy charged in this case. The Government contends this evidence is inextricably intertwined with the crime charged and therefore not 404(b) evidence.  Alternatively, the Government asserts it should still be admissible under Rule 404(b) even if it is not intrinsic evidence.

Intrinsic evidence, which is not subject to the Rule 404(b) analysis, exists where "the evidence of the other act and the evidence of the crime charged are inextricably intertwined or both acts are part of a single criminal episode or the other acts were necessary preliminaries to the crime charged." *United States v. Irving*, 665 F.3d 1184, 1212 (10th Cir. 2011) (quoting *United States v. Lambert*, 995 F.2d 1006, 1007 (10th Cir. 1993)).  Here, the Court agrees that evidence of Mr. Hardy distributing other controlled substances during the life of the conspiracy charged in this case constitutes part of a single criminal episode and is, therefore, intrinsic evidence. *See United States v. Kupfer*, 797 F.3d 1233, 1238 (10th Cir. 2015) ("We regard evidence as intrinsic when it … occurred within the same time frame as the activity in the conspiracy being charged ….").  This evidence is "directly connected to the factual circumstances of the crime and provides contextual

or background information to the jury." *Id.* (quoting *United States v. Parker*, 553 F.3d 1309, 1314 (10th Cir. 2009)).  For example, in the Government's notice, it included portions of Facebook message conversations where Mr. Hardy allegedly arranged drug sales of fentanyl alongside other illegal substances and where Mr. Hardy sold other drugs to individuals (coconspirators) to whom he also sold fentanyl. (*See* ECF 62 pp. 2, 3-4, 4-5.)  Consequently, this evidence is not subject to the 404(b) test, but it "is still subject to the requirement of [Rule 403] that its probative value is not substantially outweighed by the danger of unfair prejudice." *Lambert*, 995 F.2d at 1007-08.

The probative value of this proffered evidence is not substantially outweighed by a danger of unfair prejudice or misleading the jury.  Of course, evidence that Mr. Hardy was dealing other drugs is prejudicial, but it is not so heinous or outrageous as to encourage the jury to decide the case on an improper basis such as emotion. *See United States v. Flanagan*, 34 F.3d 949, 953 (10th Cir. 1994) ("[T]he unfair prejudice aspect of Rule 403 'cannot be equated with testimony which is simply unfavorable to a party.  It must be unfair in the sense that it would be misleading and not aid and assist the jury in making a material determination in the case.'") (quoting *McEwen v. City of Norman*, 926 F.2d 1539, 1549 (10th Cir. 1991)).  This proffered evidence carries a high probative value because it supports the Government's allegation of a drug conspiracy, provides context surrounding the fentanyl conspiracy, and helps to provide to the jury a complete presentation of the case.  In contrast, the potential for this evidence to create a risk of a verdict tainted by improper considerations is low.

Evidence that Mr. Hardy distributed other drugs in addition to fentanyl during the charged conspiracy is intrinsic evidence that is not excluded by Rule 403.

## CONCLUSION

Evidence of Mr. Hardy's fentanyl possession at the time of his arrest in April 2023 as well

as his two prior felony convictions for delivery and possession of methamphetamine in 2018 are

admissible under Rule 404(b) during the Government's case-in-chief.  The Court will provide an

appropriate limiting instruction to the jury upon the Defense's request and proffer of such an

instruction.  The Court notes the 404(b) calculus may change if the proffered evidence is offered

at trial for rebuttal or impeachment purposes.  *See United States v. Watson*, 766 F.3d 1219, 1244

(10th Cir. 2014) (noting that rebuttal or impeachment evidence is not subject to 404(b) analysis

because it is not offered as substantive evidence).  During trial, if a party believes the evidence or

circumstances are such that the Court should reconsider its 404(b) rulings, the party should ask for

a conference at sidebar and argue the matter outside the hearing of the jury.

Additionally, evidence that Mr. Hardy distributed other controlled substances in addition

to fentanyl during the charged conspiracy is intrinsic to the crime charged and will not be precluded

by Rule 403.

**ORDERED:** October ___18___, 2023.

Scott W. Skavdahl
United States District Judge